IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SUPERIOR HOME MORTGAGE, LLC, f/k/a B&H FINANCE, LLC; and ROGER SWAIM, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SUPERIOR HOME MORTGAGE, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 1:19-CV-01056-STA-jay |
| TERRI FESMIRE SADLER MARBURY, an individual, DAVID MARBURY, an individual, JENNIFER AZBILL HALL, an individual, BILLY HALL, an individual, B&H INVESTMENTS, INC., a dissolved company; BENJAMIN L. VARGASON, SR., an individual, SHONDA VARGASON, an individual, GREAT AMERICAN SPORT, LLC, an administratively dissolved company, BANCORPSOUTH BANK, a corporation, and JOHN DOES A, B, & C, individuals, and JANE DOES A, B, & C, individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS OF DEFENDANT BILLY HALL**

Defendant Billy Hall has filed a *pro se* motion to dismiss the complaint filed against him (ECF No. 43.) Defendant alleges that he is named in the lawsuit "merely" to harass him.[1] Plaintiffs have filed a response to the motion. (ECF No. 47.) For the reasons set forth below, the motion is **DENIED**.

Defendant cites Rule 11 of the Federal Rules of Civil Procedure in support of his motion. As noted by Plaintiffs, the Court has the authority to impose sanctions under Rule 11 and 28 USC §1927 and through its inherent power to punish those that abuse the judicial process. However,

---

[1] In support of his motion, Defendant relies on a signed written statement of Jennifer Hall which is not attached to the motion. Therefore, the Court cannot consider it.

other than denying the allegations in the complaint and stating that he believes that he was named in the complaint as harassment, Defendant Hall has offered no explanation as to why Plaintiffs should be sanctioned and has offered no support for his statement that the complaint was filed against him to harass him.

To the extent the motion is brought under Federal Rule of Civil Procedure 12(b)(6), the motion is also denied. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In the present case, the complaint alleges, *inter alia*, fraud, tortious misrepresentation, conspiracy, breach of contract, and unjust enrichment by the defendants. Plaintiffs have clearly alleged facts which, if proved, would allow them to recover against Defendant Billy Hall. *See Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581 (2016) (discussing fraudulent conveyances which "typically involve 'a transfer to a close relative, a secret transfer, a transfer of title without transfer

of possession, or grossly inadequate consideration'" and noting that the recipient of a fraudulent conveyance, with the requisite intent, also commits fraud (citations omitted)).

Specifically, the complaint alleges that Defendant Jennifer Hall was an officer and member of Defendant B&H Investments and a 10% member of B&H Finance, LLC. (Cmplt. para 4, ECF No. 1.) Defendant Billy Hall is her husband and "upon information and belief, received some or all of the benefits of the property at issue in this matter. Defendant Billy Hall is included herein as a necessary party defendant and to provide notice of fraudulent transfer." (*Id.* at para. 5.)

The complaint alleges that various fraudulent actions were taken by Jennifer Hall and resulted in her having access to certain funds that were "diverted" and "used to support Billy Hall. (*Id.* at para. 33.) "Alternatively, upon information and belief, Jennifer Hall and/or Terry Marbury and/or Benjamin Vargason have fraudulently transferred monies to their spouses in an attempt to divert the funds out of their names. (*Id.*) Additionally, the complaint alleges that Jennifer Hall "along with Billy Hall, received a benefit from these fraudulent acts in the form of money and compensation, to the detriment of Superior/Swaim/B&H Finance. Upon information and belief, Jennifer Hall transferred monies to Billy Hall's name fraudulently to conceal the fraudulent activity." (*Id.* at para. 38.) Also, "Defendants Marbury, Hall, B&H Investments, Vargason, and Great American Sport, converted, to their own use, or to Billy Hall, David Marbury, and/or Shonda Vargason, monies rightfully belonging to Plaintiffs, intentionally, thus converting the money and/or metals to Defendants' own use." (*Id.* at para. 74.) According to the complaint, "Defendants, Marbury, Hall, B&H Investments, Vargason, Great American Sport, upon information and belief, fraudulently transferred or conveyed monies and other property that can be used to satisfy a judgment to the possession of others, including Billy Hall, Shonda Vargason, and/or David Marbury, while retaining control and/or possession of the property after the transfer, for the purpose of concealing such assets with the intent to defraud creditors, including the Plaintiffs, from

3

obtaining the return of the monies belonging to them to satisfy a judgment in this matter. (*Id.* at para. 77.) Plaintiffs contend that they were injured by Defendants' actions.

As part of the relief sought by Plaintiffs they ask that "the Court declare that the Defendants, Terri Marbury, David Marbury, Jennifer Hall, Billy Hall, B&H Investments, Benjamin Vargason, Shonda Vargason, Great American Sport, LLC and BancorpSouth Bank hold the assets of the Plaintiffs obtained by them as a result of the fraudulent schemes, that the fraudulent schemes depicted herein were not a just and proper usage of the monies obtained from Plaintiffs, and, as a result, such indebtedness owed by the Defendants to the Plaintiffs be transferred to the Plaintiffs…." (*Id.*, Prayer for Relief para. F.) If these facts are proved at trial, the fact-finder could find for Plaintiffs against Defendant Billy Hall.

Because Defendant Billy Hall has failed to show that Plaintiffs should be sanctioned for filing the complaint against him and has failed to show the complaint does not state a claim upon which relief can be granted against him, the motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 21, 2019.