UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SUPERIOR HOME MORTGAGE, LLC, f/k/a B&H FINANCE, LLC; and ROGER SWAIM, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF SUPERIOR HOME MORTGAGE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TERRI FESMIRE SADLER MARBURY, an individual; DAVID MARBURY, an individual; JENNIFER AZBILL HALL, an individual; BILLY HALL, an individual; B&H INVESTMENTS, INC., a dissolved company; BENJAMIN L. VARGASON, SR., an individual; SHONDA VARGASON, an individual; GREAT AMERICAN SPORT, LLC, an administratively dissolved company; BANCORPSOUTH BANK, a corporation; and JOHN DOES A, B, & C, individuals, and JANE DOES A, B, & C, individuals, <br><br> Defendants. | Case No. 1:19-cv-01056-STA-jay <br> JURY DEMANDED |

**ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE LIENS LIS PENDENS**

Plaintiffs have filed this action alleging, *inter alia*, that Defendants engaged in a long term scheme to defraud them. Plaintiffs have brought claims of breach of contract, unjust enrichment, fraud, tortious misrepresentation, wrongful trover, conversion, fraudulent conveyance, breach of fiduciary duty, civil RICO violations, tortious conspiracy, embezzlement, forgery, breach of the duty of inquiry and good faith, and negligence. Plaintiffs have moved the Court for entry of an

order granting leave to file abstracts of lien lis pendens against real property owned by Defendants. (ECF No. 77.) Defendants Benjamin L. Vargason, Sr., Shonda Vargason, and Great American Sports, LLC have filed a response to the motion (ECF No. 83), as have Defendants Terri Fesmire Sadler Marbury and David Marbury. (ECF No. 84. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

Plaintiffs allege that Defendants were involved in a fraudulent scheme that involved Defendants Jennifer Hall and Terri Marbury, through B&H Investments, Inc., inducing Plaintiffs to purchase fraudulent notes from B&H, issuing loans to phantom customers and then keeping the funds, and embezzling incoming payments issued by borrowers to B&H and Superior Home Mortgage. Defendants Hall and Marbury allegedly forged signatures on checks and fraudulently endorsed checks payable to B&H and Superior Mortgage. Defendant Benjamin Vargason, through his company Great American Sport, LLC, allegedly would deposit the checks in his business account at BancorpSouth and share the proceeds with Defendants Hall and Marbury.[1]

On December 16, 2019, Jennifer Hall and Benjamin Vargason were indicted by the Grand Jury for the Western District of Tennessee to wit "the defendants did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses monies and funds under the custody and control of a federally insured financial institution and to obtain money by means of false and fraudulent pretenses monies and funds under the custody and control of a federally insured financial institution." *United States v. Jennifer Azbill Hall and Benjamin Hall*, Case No. 1:19-cr-10143-STA (ECF No. 2.) The indictment seeks forfeiture for "any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be

---

[1] Any facts in this order are stated for the purpose of deciding this motion only.

2

used, in any manner or part, to commit, or to facilitate the commission of the said violations, including" Jennifer and Billy Hall's residence located at 1144 Yuma Road, Wildersville, Tennessee 38388. (*Id.* at PageID 14.) According to Plaintiffs, Defendants Vargasons and Halls own real property assets that would be subject to execution for any judgment rendered in Plaintiffs' favor in this action, and a lien lis pendens is necessary to protect Plaintiffs' potential interest in the properties.[2] Defendants have responded that a lien lis pendens is appropriate only to preserve for judgment real property which is the subject of the litigation at hand and the properties Plaintiffs seek to encumber are not the subject matter of this cause of action.

In support of their motion, Plaintiffs rely on Tenn. Code Ann. § 20-3-101 which provides:

(a) When any person, in any court of record, by declaration, petition, bill or cross bill, seeks to fix a lien lis pendens on real estate, or any interest in real estate, situated in the county of suit, in furtherance of the setting aside of a fraudulent conveyance, of subjection of property under return of nulla bona, tracing a trust fund, enforcing an equitable vendor's lien, or otherwise, that person shall file for record in the register's office of the county an abstract, certified by the clerk, containing the names of the parties to the suit, a description of the real estate affected, its ownership and a brief statement of the nature and amount of the lien sought to be fixed.

As noted by Defendants, in *Boyd v. Green Farmers Co-op, Inc.*, 1990 WL 198249 (Tenn. Ct. App. Dec. 11, 1990), the Tennessee Court of Appeals analyzed the common law history of liens lis pendens and concluded that liens lis pendens apply only to the subject matter of the lawsuit. Because "the realty was not the subject-matter of the suit … as at common law, a lien lis pendens was inappropriate and unavailable for the defendants' intended purposes and did not attach to the realty in question." *Id.* at *3. Thus, a lien lis pendens is only appropriate to preserve

---

[2] Plaintiffs assert that the Vargasons own real property located at 114 Brookstone Place, Jackson, Tennessee; the Marburys own property located at 56 Belle Terrace Cove, Jackson, Tennessee; and Great American Sports owns its business location at 125 Old Hickory Blvd. E., Jackson, Tennessee. (Mot. PageID 585.)

3

for judgment real property which is the subject of the litigation and may not be used to secure property for judgment in a case unrelated to the real property. *Accord Neal v. Barone*, 2010 WL 4024973 (Tenn. Ct. App. Oct. 13, 2010) (citing *Boyd*). See also *Oliver v. Upton*, 1998 WL 151388 (Tenn. Ct. App. April 3, 1998) ("By filing a notice of lis pendens at the commencement of a lawsuit, a plaintiff provides notice to the world of the existence of a pending action affecting the title or right to possession of the subject property." (citations omitted)).

In the present case, Plaintiffs do not have an underlying claim or interest in the real property they seek to encumber; instead, their lawsuit is a claim for monetary damages to compensate Plaintiffs for financial losses. Because Plaintiffs have not asserted any connection between the real property they are seeking to encumber and the cause of action before this Court, Plaintiffs' motion must be **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 10, 2020.