# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

SUPERIOR HOME MORTGAGE, LLC, f/k/a
B& H FINANCE, LLC; and ROGER SWAIM,
INDIVIDUALLY AND IN HIS CAPACITY AS
PRESIDENT OF SUPERIOR HOME
MORTGAGE, LLC,

    Plaintiffs,

v.     No. 1:19-cv-01056-STA-jay

TERRI FESMIRE SADLER MARBURY,
an individual, DAVID MARBURY,
an individual,
JENNIFER AZBILL HALL, an individual,
BILLY HALL, an individual,
B&H INVESTMENTS, INC.,
a dissolved company;
BENJAMIN L. VARGASON, SR.,
an individual,
SHONDA VARGASON, an individual,
GREAT AMERICAN SPORTS, LLC,
an administratively dissolved company,
BANCORPSOUTH BANK, a corporation, and
JOHN DOES A, B, & C, individuals, and
JANE DOES A, B, & C, individuals,

    Defendants.

**ORDER PARTIALLY GRANTING DEFENDANTS BENJAMIN VARGASON, SHONDA VARGASON, AND GREAT AMERICAN SPORTS, LLC'S MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND REMOVING TRIAL DATE FROM THE CALENDAR**

Plaintiffs have filed this action against Jennifer Hall, Billy Hall, Terri Fesmire Sadler Marbury, David Marbury, B&H Investments, Benjamin L. Vargason, Shonda Vargason, Great

American Sports, LLC, and John Does A, B, and C, alleging multiple fraudulent schemes. Defendants Benjamin Vargason and Jennifer Hall have been criminally indicted in *United States v. Jennifer Azbill Hall and Benjamin Vargason*, Cr. No. 1:19-cr-10143-STA, on various fraud counts related to the underlying events in this action.[1]

Defendant Benjamin Vargason and his wife Shonda Vargason and their business Great American Sports, LLC, have moved the Court to stay this civil action pending resolution of the criminal proceeding. (ECF No. 61.) As grounds, Defendants contend that a stay of the civil action is necessary to protect Benjamin Vargason's Fifth Amendment rights in connection with the criminal proceeding. In addition, they assert that the civil action should be stayed as to Defendants Great American Sports, LLC, and Shonda Vargason, individually, as both parties will be prejudiced by their inability to meaningfully defend themselves in the civil action if forced to proceed prior to resolution of the criminal case against Benjamin Vargason. Plaintiffs argue against staying the matter in its entirety. Instead, they suggest that the trial be continued until the criminal matter is resolved and any discovery covered by Defendant Vargason's Fifth Amendment rights be stayed. (ECF No. 76). Defendants Terri Fesmire Sadler Marbury and David Marbury do not oppose the motion to stay. (ECF No. 81.) For the reasons set forth below, the motion is **PARTIALLY GRANTED**.

The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary. *See McCullaugh v. Krendick*, 2009 WL 2929306 (N.D. Ohio) (citing *Acton Corp. v. Borden, Inc.*, 670 F.2d 377, 380 (1st Cir.1982)). The parties agree that the Court must consider the following factors in deciding whether or not to grant the motion to stay: (1) the

---

[1] A default judgment was obtained against Defendant Jennifer Hall on February 12, 2020 (ECF No. 73). Therefore, her Fifth Amendment rights are not at issue in this action.

extent to which the issues in the criminal case overlap those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the interests of and burden on the defendants; (5) the interests of the court; and (6) the public interest. *See FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (outlining factors to consider). While Plaintiffs acknowledge that these factors militate in favor of a stay as to Benjamin Vargason and a continuance of the trial date, they argue that they would be unduly prejudiced if they are not allowed to proceed with discovery on such subjects as the banking practices of BancorpSouth, alleged fraudulent transfers to Shonda Vargason, Terri Marbury and David Marbury's roles in the civil action, Billy Hall's role and property transferred to him, and the assets of Jennifer Hall.  The Court finds Plaintiffs' argument to be well-taken.

Concerning the first factor, the extent to which the issues in the criminal case overlap with those presented in the civil case, as noted by Plaintiffs, they have alleged multiple fraudulent schemes in excess of the charges found in the indictment and involving multiple individuals and companies not indicted.  Discovery could be allowed as to the defendants not indicted without infringing on anyone's Fifth Amendment rights.

The second factor is the status of the case.  This matter is still in the relatively early stage of discovery.  Moreover, even though the criminal trial is set for September 8, 2020, and Defendant asserts that both cases are on track to proceed simultaneously which would force him to choose between defending himself in this action and preserving his Fifth Amendment rights, the Court is now faced with the implications of the Covid19 national public health crisis.[2]  Deadlines may have

---

[2] On March 17, 2020, the Court entered Administrative Order 2020-12; In Re: Court Operations Under the Exigent Circumstances Resulting From Covid-19 Outbreak, in response to President Donald J. Trump's March 13, 2020 declaration that the Coronavirus Disease 2019 outbreak was

to be extended in order for parties to conduct depositions, and settings, trial or otherwise, may have to be continued. Therefore, this factor weighs in favor of only a partial stay.

The third factor in examining whether to grant a stay is Plaintiffs' interest in the resolution of the case. Defendants agree that a stay would prejudice Plaintiffs but argue that the prejudice is outweighed by the burden on Benjamin Vargason of presenting his civil defense while still protecting his Fifth Amendment rights. A stay as to Defendant only would protect his constitutional rights but would allow the action to go forward with the non-indicted Defendants without impacting those rights.[3]

The next factor the Court must consider is the private interests of and burden on Defendant Benjamin Vargason. The Court agrees with Defendant that it would be a burden on him to sit for a deposition in this case, during which he would assert his Fifth Amendment rights, and then have to reconvene the deposition after the criminal matter is resolved. However, the burden on the non-indicted Defendants is nonexistent in that their obligation to cooperate in the litigation and discovery process remains the same. This factor weighs in favor of staying the civil case as to Benjamin Vargason only.

The fifth factor, i.e., the interests of the Court, are judicial economy and the Fifth Amendment protections afforded to Benjamin Vargason. Both of these interests can be protected

---

a national emergency, and in light of guidance considered from the Centers for Disease Control as well as from federal, state, and local public health authorities, in order to protect the health, safety, and welfare of the public and Western District of Tennessee Court employees. The Administrative Order closed the Federal Courthouse in Jackson, Tennessee, to the public. On April 3, 2020, the Court extended and modified its March 17, 2020 Administrative Order No. 2020-12 and ordered that all civil judicial proceedings would be continued through May 1, 2020. *See* Admin. Order 2020-19.

[3] Defendant Shonda Vargason will still be able to assert any spousal privilege provided to her under the law.

by staying the civil action only as to Benjamin Vargason.

The sixth factor addresses the public interest. This factor weighs against a blanket stay. However, a partial stay, as to Defendant Vargason, will not duplicate efforts, increase costs, or promote judicial redundancy. Instead, it affords Defendant Vargason protection as to his Fifth Amendment rights while permitting Plaintiffs to proceed on their claims against the other defendants.

Balancing these factors, the Court concludes that continuing the trial for all defendants and staying the civil action as to Benjamin Vargason until the criminal matter is resolved will protect his constitutional rights. At the same time, allowing the civil action to proceed against the non-indicted Defendants will minimize the prejudice to Plaintiffs and to the Court's interest in resolving matters expeditiously. Also weighing in favor of partially granting the motion is the fact that the non-indicted Defendants have not offered any argument as to why the motion should be granted in its entirety.[4]

It is hereby **ORDERED** that this matter is stayed as to Defendant Benjamin Vargason pending the disposition of *United States v. Jennifer Azbill Hall and Benjamin Vargason*, Cr. No. 1:19-cr-10143-STA.[5]  All trial related deadlines will be removed from the calendar and will be re-

---

[4] In their response, Defendants Marbury merely state that they do not oppose the motion. (ECF No. 81.)

[5] Plaintiffs have suggested that the stay as to Benjamin Vargason be limited to issues protected by the Fifth Amendment and state that these issue "can be readily determined." In light of the overlap between the civil action and the criminal proceeding, the Court declines this suggestion. The civil action is stayed in its entirety against Benjamin Vargason until the criminal action against him is resolved. This includes deposing him about any matters related to his business entity, Great American Sports, LLC.

set when the criminal matter against Defendant Benjamin Vargason has been resolved.

    **IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

                                            Date:  April 15, 2020